## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01499-RM-STV

BRANDON M. HANCOCK,

      Plaintiff,

v.

DR. RICHARD HODGE, CCF and
SERGEANT BRIAN VIGIL, CCF Staff,

      Defendants.

_____

## ORDER
_____

Magistrate Judge Scott T. Varholak

      This matter is before the Court on Defendants Dr. Richard Hodge and Sergeant Brian Vigil's[1] Motion to Stay Discovery Pending Immunity Determination [#34] (the "Motion"), which has been referred to this Court [#35]. Plaintiff responded to the Motion on November 27, 2017. [## 43, 45] This Court has carefully considered the Motion and related briefing, the entire case file and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the instant Motion to Stay. For the following reasons, I **GRANT** the Motion to Stay.

## I.    Background

      Plaintiff Brandon M. Hancock is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Centennial Correctional Facility in Cañon City, Colorado. Plaintiff filed an Amended Complaint on July 19, 2017,

_____

[1] Defendants advise that Brian Vigil was formerly a Sergeant with the Colorado Department of Corrections ("CDOC") but no longer works for the CDOC. [#32 at 1, n.1]

challenging the inadequate medical treatment of his broken leg.  [#10]  On August 8, 2017, Senior United States District Court Judge Lewis T. Babcock dismissed all claims asserted against Defendant Jodi Sinker, who was dismissed as a party, but allowed Plaintiff's other claims to proceed.  [#12]

In the claims that remain, Plaintiff asserts that Defendants refused to treat his broken leg in a timely manner or properly assist him, in violation of the Eighth Amendment.  [#10 at 4]  Plaintiff further alleges that Defendant Dr. Hodge did not treat his leg for seven days after the injury, forcing him to walk on a broken leg during that time, and that Dr. Hodge did not properly reset the bone.  [*Id.* at 6]

Defendants filed a Motion to Dismiss on October 10, 2017, arguing that Plaintiff has failed to state an Eighth Amendment deliberate indifference claim, that Defendants did not act with the requisite intent, and that Defendants are entitled to qualified immunity.  [#32]  Defendants filed the instant Motion to Stay on October 13, 2017.  [#34] In the Motion, Defendants argue that discovery proceedings should be stayed pending the Court's resolution of the Motion to Dismiss, because allowing discovery to proceed would undermine the protections of qualified immunity.  [*Id.* at 2]

## II.    Analysis

When considering whether to grant a stay, the Court weighs the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest.  *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-

LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).  Considering these factors, the Court concludes that a stay is warranted pending resolution of the Motion to Dismiss.

First, although Plaintiff has an interest in proceeding expeditiously, Plaintiff has failed to identify any specific prejudice that a delay would cause.  Plaintiff simply states that he seeks to move forward with his case.  [#45 at 1]  Nor is the Court aware of any prejudice that may result, especially because the factual allegations in this case are fairly simple and the events giving rise to Plaintiff's claims occurred relatively recently. Because Plaintiff has failed to provide any "specific examples of how [his] ability to conduct discovery might be adversely affected by a stay," the Court finds that Plaintiff's general interest in proceeding expeditiously does not overcome other factors discussed below that weigh in favor of a stay.  *Stone v. Vail Resorts Dev. Co.*, Civil Action No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *1 (D. Colo. Jan. 7, 2010).

Second, the Court finds that proceeding with discovery would impose a burden upon Defendants.  A ruling in favor of Defendants on the Motion to Dismiss would be dispositive.[2]  Thus, staying discovery may relieve the burdens of discovery for Defendants.  This fact is particularly important in this case, where Defendants have asserted a qualified immunity defense.  As the Supreme Court has made clear, "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in the judgment)). Accordingly, the second factor supports granting the Motion to Stay.

---

[2] The Motion to Dismiss has been referred to this Court.  [# 33]  The instant Order has no bearing on the merits of the Motion to Dismiss.

Third, the Court considers its own convenience.  This District has recognized that "an ill-advised stay" may inconvenience the Court because "the resulting delay makes the Court's docket less predictable and, hence, less manageable."  *Stone*, 2010 WL 148278, at *3.  But "[w]here a pending motion may dispose of an action . . . a stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed."  *Id.*  Here, if successful, the Motion to Dismiss would entirely dispose of the instant action.  Given that this case is in its very early stages, the Court finds that the interests of judicial economy weigh in favor of granting the stay.

The fourth and fifth factors are either neutral or support staying this action.  Neither party has identified any nonparty whose interests would be impacted by the requested stay.  Moreover, while the public has an interest in the speedy resolution of legal disputes, *see*, *e.g.*, *Waisanen v. Terracon Consultants, Inc.*, Civil Action No. 09-cv-01104-MSK-KMT, 2009 WL 5184699, at *2 (D. Colo. Dec. 22, 2009), "there is also a strong public policy behind the qualified immunity doctrine.  Among other things, this includes avoiding unnecessary expenditures of public and private resources on litigation."  *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *4 (D. Colo. July 30, 2015).  As a result, the fifth factor supports granting the stay.

Considering the factors set forth above, the Court determines that a stay of discovery pending resolution of the Motion to Dismiss is warranted.  Accordingly, the Motion to Stay [#34] is **GRANTED**.

DATED:  November 28, 2017                    BY THE COURT:

                                             s/Scott T. Varholak_____
                                             United States Magistrate Judge